DOBBINS v. PARKER ET UX.

46   357
93   150

1. **Promissory Notes:** INTEREST: MORTGAGE. Where a note provided for interest at ten per cent per annum and the mortgage executed to secure it stipulated for "interest at the rate of ten per cent per annum, payable annually, according to the terms of the promissory note," *held*, that the mortgage provided for something respecting which the note was silent and would therefore govern.

## Appeal from Butler District Court.

### SATURDAY, JUNE 16.

THIS action was commenced on the 18th day of August, 1876, upon two promissory notes, and for the foreclosure of a mortgage executed to secure the same. The notes are for five hundred and fifty dollars, due respectively November first, 1876 and 1877, with ten per cent interest per annum from date. The mortgage contains the following: "Provided always, and these presents are upon this express condition, that if the said Francis Parker,   *   *.   *   shall pay or cause to be paid to the said William Dobbins, his executors, administrators or assigns, the sum of four hundred dollars on the first day of November, 1875, one hundred dollars on the first day of November, 1875, five hundred and fifty dollars on the first day of November, 1876, five hundred and fifty dollars on the first day of November, 1877, with interest on all of said money at the rate of ten per cent per annum until paid, payable annually, according to the terms of four promissory notes of said Francis Parker, of even date herewith, then this obligation to be void, otherwise in full force and effect. And it is stipulated in said notes and in this mortgage that, should any of said interest not be paid when due, it shall bear interest at the rate of ten per cent per annum from the time the same becomes due, and that this mortgage shall also stand as security for the same, and it is stipulated that a failure to pay any of said interest within thirty days after it becomes due shall cause the whole of said money to become due, and this mortgage may be foreclosed

thereupon immediately, for the whole of said money and interest." The notes and mortgage are made upon printed blanks. The defendants interposed a general demurrer to the petition. The demurrer was overruled, and the defendants refusing to further plead, judgment was rendered against the defendants for $1,217 and costs, and the mortgage was foreclosed. Defendants appeal.

*W. W. Davidson* and *Wm. V. Allen,* for appellants.

*J. H. Scales* and *P. O. Cassidy,* for appellee.

DAY, CH. J.—The only question involved in this case is, was the interest on the notes in controversy payable annually?

1. PROMISSORY note: interest: mortgage.

If not so payable, this action was commenced before any part of the notes was due, and it is not maintainable for that reason. The notes simply provide for the payment of five hundred and fifty dollars with ten per cent interest per annum from date.

The mortgage provides for the payment of the sums named in the several notes "with interest on all of; said money at the rate of ten per cent per annum until paid, payable annually according to the tenor of four promissory notes." The question presented is not at all free from difficulty. The notes and mortgage bear the same date, and are to be construed together. There is no real conflict between the notes providing for ten per cent interest per annum from date, and the mortgage providing for interest at the rate of ten per cent per annum payable annually. If the notes had expressly provided that the interest should be payable annually, and the mortgage had provided that the interest should be payable semi-annually, there would have been a case of real conflict. But in this case the mortgage specifically provides for something respecting which the notes are silent, and the provisions of the mortgage might be incorporated into the notes without creating any inconsistency. The notes would then read " with ten per cent interest per annum from date, payable annually."

It is claimed, however, that the words " according to the tenor of four promissory notes of said Francis Parker, of even

date herewith," show that the intention was to pay simple interest at the rate of ten per cent per annum as provided in the notes. This construction would entirely ignore the word "annually." Agreements must be so construed, if possible, as to give effect to all the terms employed. Tenor does not mean the exact language, but the purport, substance, general course or drift. The mortgage, then, provides for payment of the notes according to their purport and substance. This is not necessarily inconsistent with the idea that the interest on the notes should be paid annually. We think the demurrer to the petition was properly overruled.

AFFIRMED.