# Prichard *v.* Miller & Co.

*Bill in Equity for Foreclosure of Mortgaye.*

1. *·Description of note in mortgage.*—Where the debt secured by a mortgage is therein described as "the sum of $3,750, *and interest thereon to the 1st June, 1886,* according to the tenor and effect of a certain promissory note, of even date with these presents, made by the said . . for the said sum of $3,750, *with interest from date to maturity,* and payable on the 1st day of June;" while the note itself does not contain the italicized words, though payable on the 1st June, 1886, and corresponding in other particulars with the description, and in the left corner margin are added, "3,750 & Int. 174.20—3,924.20;" there is no material variance, and it sufficiently appears that the note bears interest from date.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 13th March, 1888, by Thos. P. Miller & Co., partners in business, against Cleveland Prichard, his wife, and Cecil Carter; and sought the foreclosure of a mortgage, executed to the complainants by the defendants, which was made an exhibit to the bill. The mortgage was dated November 7th, 1885, recited a consideration of $3,750 in hand paid, and was conditioned as follows: "That if the said C. Prichard and the firm of Prichard & Carter, or either of them, shall well and truly pay to the said Thos. P. Miller & Co. the said sum of $3,750, and interest thereon to the 1st June, 1886, according to the tenor and effect of a certain promissory note of even date with these presents, made by the said C. Prichard and Prichard & Carter, for the said sum of $3,750, with interest from date to maturity, and payable on the 1st day of June, 1886, at the banking-house of Thos. P. Miller & Co., which said note is indorsed by C. & H. Prichard and by Prichard & Labuzan; then these presents to be null," &c. The secured note, also made an exhibit to the bill, was dated at Mobile, Nov. 7th, 1885, "payable on June 1st, 1886," at the banking-house of Thos. P. Miller & Co., signed and indorsed as alleged in the mortgage; was for $3,750, and these words and figures were written in the upper left-hand corner: "3,750 & Int. 174.20—3,924.20." The defendants demurred to the bill, "because its allegations and said exhibit. are

[Prichard v. Miller & Co.]

inconsistent and conflicting." The chancellor overruled the demurrer, and his decree is now assigned as error.

F. G. BROMBERG, for appellants.—There is a material and fatal discrepancy between the note and the mortgage, both made exhibits to the bill. The mortgage describes a note bearing interest from date, but the note itself contains no such stipulation. The complainants might have alleged a mistake in one or the other of the two instruments, and asked its correction; but, not having done so, the variance is fatal.—*Frank v. Helmetag*, 61 Ala. 67; 1 Dan. Neg. Instr. 886, note 6; Chitty on Bills, * 149–50.

PILLANS, TORREY & HANAW, *contra*, cited *Campbell Press v. Jones*, 79 Ala. 475; *Corgan v. Frew*, 39 Ill. 31; *Riley v. Dickens*, 19 Ill. 30; 13 Metc. 262; *Payne v. Clark*, 19 Mo. 152; *Sewall v. Henry*, 9 Ala. 24; *Strong v. Brewer*, 17 Ala. 706; *Holman v. Crane*, 16 Ala. 570; *Robbins v. Webb*, 68 Ala. 393.

SOMERVILLE, J.—The suit is for the foreclosure of a mortgage. The note which evidences the mortgage debt, and the mortgage itself, were executed on the same day, bear the same date, and are parts of the same transaction. They constitute, therefore, but a single contract, and must be construed together as if they were embodied in but one instrument. They are both, moreover, made exhibits to the bill; and this is the same, in effect, as an incorporation of the writings in the body of the bill.

The figures in the margin of the note include in the amount, both principal and interest. In the body of the note no interest is included. If this stood alone, the amount specified in the body of the note would control, and dominate the larger amount in the margin.—1 Randolph's Com. Paper, § 105, and cases cited. But the mortgage corrects this apparent incongruity, by the assertion that the note bears interest—describing it as bearing interest from date to maturity, and otherwise fully identifying it. The bill alleges that this is the identical note secured by the mortgage, and the demurrer admits the truth of this allegation. Construing the two instruments as one contract, they sufficiently show that the note bears interest from date.

The demurrer is based upon the view that the note bears no interest, and was therefore properly overruled.

Affirmed.