PATRICK M. HENNESSY ET AL.

v.

JAMES J. GORE.

*Negotiable Instruments—Note—Maturity—Election as to—Trust Deed
—Foreclosure—Pleading—Contracts.*

1. The law does not permit a word in a contract to be without meaning
where one may be reasonably assigned to it.

2. When certain notes and a deed of trust given to secure them are
executed at the same time, each note-holder having an interest under said
deed, the law blends all the instruments and construes them as one.

3. In a controversy involving the giving of notes secured by a deed of
trust conveying leasehold interests, it being contended by defendant that the
remedy of the holders of certain two and three years notes was confined to
foreclosure, the same not being due by their terms, said holders taking the
ground that the maturity of said notes had been accelerated by their election
to declare them due, in conformity with a provision in said deed, this court

Hennessy v. Gore.

holds that the action at law upon said notes was properly brought; that it cut no figure that all the creditors involved failed to declare the principal of said deed of trust to be due; that in view of the wording of the special count of the declaration it was doubtful if there was any exercise of the power granted, and that the judgment for the defendant can not stand.

[Opinion filed April 21, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for appellants.

Mr. C. H. REMY, for appellee.

GARNETT, J. Appellee, Gore, and Patrick H. Heffron were indebted to Hennessy Brothers, the appellants, and to H. J. Milligan and others, the indebtedness to the several parties varying in amount, the aggregate thereof being $181,536.89. By arrangement with all of the creditors, Gore and Heffron made and delivered their promissory notes for the several amounts due, that coming to Hennessy Brothers being divided into three notes, the first payable in one year or before, the second in two years or before, and the third in three years or before. The debt due to each of the other creditors was divided and made payable in like manner, so that each of them had three notes. All the notes were dated November 10, 1888, and bore interest at six per cent per annum, payable semi-annually.

To secure payment of all the notes to all the creditors, Gore and Heffron executed and delivered to Lyman J. Gage, as trustee, a deed of trust, dated November 10, 1888, conveying thereby to the trustee certain leasehold estates in Chicago. The deed described all the notes and recited that the conveyance was made for the better securing their payment and interest thereon. There was a stipulation in the trust deed, that "if default be made in the payment of said promissory notes, or of either or of any part thereof, or the interest thereon, or any part thereof, at the time and in the manner

above specified for the payment thereof, then in such case the whole of said principal sum and interest secured by the said promissory notes shall thereupon at the option of the legal holder or holders, or any or either thereof, become immediately due and payable; and on the application of the legal holder of said promissory notes, or either of them, it shall be lawful for the said grantee or his successor in trust, to enter into and upon, and take possession of the premises hereby granted, or any part thereof, and in his own name, or otherwise, to file a bill or bills, in any court having jurisdiction thereof, against said party of the first part, their heirs, executors, administrators and assigns, to obtain a decree for the sale and conveyance of the whole or any part of the said premises for the purposes herein specified, by the party of the second part, as such trustee, or as special commissioner, or otherwise, under order of court, and out of the proceeds of any such sale, first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commission of said party of the second part, or persons who may be appointed to execute this trust, and $1,000 attorney's and solicitor's fees, and also all other expenses of this trust, including all moneys advanced for insurance, taxes and other liens or assessments, with interest thereon at eight per cent per annum, then to pay the principal of said notes whether due and payable by the terms thereof, or the option of the holder thereof, and interest due on said notes up to the time of such sale," etc.

The one year note payable to appellants was paid at maturity, but default was made in payment of nearly all the other notes then due. On the 6th of December, 1889, this suit against Gore and Heffron was commenced by appellants to recover the amount of the two and three year notes payable to their order.

The question discussed by counsel is whether appellants' remedy as to the two and three year notes, respectively, is confined to foreclosure. The notes are not due by their terms, but appellants claim their maturity has been accelerated by elections to declare them due, in consequence of the default

in payment of other notes payable to the other parties, and if due they are due for all purposes, and may be the subject of an action at law immediately after such election. The notes and deed of trust were parts of the same transaction, executed at the same time, each noteholder having an interest under the terms of the deed. In such cases the law blends the two instruments, and construes them as one. Reading the note only fails to put the reader in possession of the whole agreement of the parties. G. & S. W. R. R. Co. v. Barrett, 95 Ill. 467; Bearss v. Ford, 108 Ill. 16; Gardt v. Brown, 113 Ill. 475; Freer v. Lake, 115 Ill. 662; Fowler v. Woodward, 26 Minn. 347.

Appellee, however, claims that the notes and trust deed can not be read together so as to give appellants an action at law on the notes, because appellants are strangers at law to the covenant in the trust deed. Appellants' action is not founded on any covenant in the deed, and therefore Harms v. McCormick, opinion of Supreme Court of Illinois, filed October 31, 1889, does not apply. The action is on the notes and the time of maturity is simply hastened by the exercise of a power given to appellants by the terms of the deed. What the effect would have been if, instead of authority to appellants to declare the notes due, they had been compelled to rely upon a covenant with Gage to pay the entire indebtedness, upon default in payment of any note, need not be decided. In any event, this contention of appellee is in conflict with Noell v. Gaines, 68 Mo. 649; Detweiler v. Breckenkamp, 83 Mo. 45; Gregory v. Marks, 8 Bissell, 44; and we think the ruling in these cases sound.

If it was intended to restrict the remedy to foreclosure, these words, " the whole of said principal sum and interest secured by the said promissory notes shall thereupon, at the option of the legal holder or holders, or any or either thereof, become immediately due and payable," are surplusage. The foreclosure with all its incidents, is amply provided for without that clause. The law does not permit a word in a contract to be without meaning where one may be reasonably assigned to it.

Neither can we agree with appellee that all the creditors

were obliged to join in declaring the principal due.   A require-
ment to that effect might have been more prudent and desir-
able for all concerned.   But questions of prudence and policy
are foreign to the inquiry.

Now the views here expressed would be decisive of this
case, if it had been alleged in the special count of the declara-
tion, that appellants had declared all the unpaid notes immedi-
ately due and payable, because of default in payment of the
one year notes.   But the allegations of that count is, "And
the plaintiffs aver that by reason of and for the said default in
the payment of the said notes, the holders thereof *declare* the
*same* at once due and payable ; and the plaintiffs aver that by
reason of and for the said default in the payment of said notes
the plaintiffs have declared the said two notes first above men-
tioned at once due and payable."   From that it appears that only
the unpaid one year notes, and the two and three year notes, pay-
able to appellants, have been declared due.   The power is to
declare " the whole of said principal sums and interest secured
by the said promissory notes * * * immediately due
and payable."   Taking the special count of the declaration as
a statement of the whole truth, it is very doubtful if there
has been any exercise of the power granted.

But as the common counts are added to the special counts,
and a general demurrer by Gore was sustained to the whole
declaration, the judgment must be reversed, and then appel-
lants can amend the special count as they may be advised.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*