[No. 1583.   Decided March 25, 1895.]

TACOMA MILL COMPANY, *Appellant*, v. E. D. SHERWOOD, *Defendant*, JOHN B. AULT, *Respondent*.

APPEAL — SERVICE OF NOTICE — NEGOTIABLE INSTRUMENTS — PAROL EVIDENCE — LIABILITY AS MAKER OR INDORSER.

Service of notice of appeal and notice to settle a statement of facts upon the attorney of record for the adverse parties is sufficient, when there is no showing that there was any substitution of attorneys.

Parol testimony is not admissible for the purpose of showing that the signer of a promissory note was not intended by the parties to be liable thereon in any capacity.

One who, prior to delivery, signs the face of a promissory note as

maker cannot show by parol testimony that he is in fact an indorser thereon and not a maker; nor is his liability in such case changed to that of an indorser by the fact that at the time he transmitted the note to the payee he inclosed a letter with the note stating that he had indorsed it.

*Appeal from Superior Court, Snohomish County.*

*Crowley, Sullivan & Grosscup,* for appellant:

Courts have held that a person signing a note on its face may explain the character in which he signed it; that is, he is permitted to show that he signed it as surety, and not as principal, but none have gone so far as to hold that he can show that he was not to be liable either as principal, indorser, surety or otherwise, there being a consideration. *De Long v. Lee,* 73 Iowa, 53; *Atherton v. Dearmond,* 33 Iowa, 353; *Dickson v. Harris,* 60 Iowa, 727; *Harrison v. Morrison,* 39 Minn. 319; *Walters v. Smith,* 23 Ill. 342; *Wright v. Remington,* 41 N. J. Law, 48 (32 Am. Rep. 180); *Johnson v. Glover,* 121 Ill. 283; *Portland National Bank v. Scott,* 20 Or. 421; *Catlin v. Harris,* 7 Wash. 542.

The rule that permits the surety to explain the character in which he has signed the note cannot be applied to the indorser without abrogating the well established rule of law that the terms of a promissory note cannot be varied or contradicted by parol evidence. The weight of authority is that a third person who signs his name on the back of a note, before delivery to a payee, is conclusively presumed to have signed in the capacity of a maker. *Stevens v. Parsons,* 80 Me. 351; *Melton v. Brown,* 25 Fla. 461; *Schroeder v. Turner,* 68 Md. 506; *Kiskadden v. Allen,* 7 Colo. 206; *Good v. Martin,* 95 U. S. 90.

*Ault & Munns,* for respondent:

On the point that respondent could show by parol an agreement whereby he was not to be held liable on

the notes, counsel cite *Graffam v. Pierce*, 9 N. E. 819; *Hawley v. McCredy*, 54 Cal. 389; *Reynolds v. Robinson*, 18 N. E. 127; *Simpson College v. Tuttle*, 33 N. W. 74; *Wood v. Ridgeville College*, 16 N. E. 619; *Healy v. Young*, 21 Minn. 389. Parol evidence can be given to ascertain the intention as between the immediate parties to a note. *Eberhart v. Page*, 89 Ill. 550; *Mammon v. Hartman*, 51 Mo. 169; *Brummel v. Enders*, 18 Grat. 905; *Smith v. Morrill*, 54 Me. 48; *Davis v. Brown*, 4 Otto, 423; *Chaddock v. Van Ness*, 35 N. J. Law, 517 (10 Am. Rep. 256); *Kayser v. Hall*, 85 Ill. 511; *Fullerton v. Hill*, 29 Pac. 583; *Lewis v. Williams*, 4 Bush, 678; *Harris v. Brooks*, 21 Pick. 195 (32 Am. Dec. 254); *Sweet v. McAllister*, 4 Allen, 353.

The opinion of the court was delivered by

Scott, J.—This action was commenced in the superior court of Pierce county by the Tacoma Mill Company against E. D. Sherwood and John B. Ault, to recover the amount claimed to be due upon two promissory notes each for twelve hundred and ninety-seven dollars and a few cents. Both defendants appeared by H. G. Munns as attorney, and filed a general demurrer to the complaint. At the time of filing the demurrer said defendants moved for a change of venue to Snohomish county, which was granted. The demurrer was overruled and the defendant Sherwood filed no answer. Defendant Ault answered, and the cause proceeded to trial as against him. A verdict and judgment being rendered in his favor, plaintiff appealed.

The respondent moves to strike the statement of facts and to dismiss the appeal on the ground of failure to serve the notice of appeal and notice to settle the statement. It is admitted that due service was made

on said H. G. Munns, but it is contended that Munns
only appeared for the defendants in the superior court
of Pierce county, and that after the cause was trans-
ferred to Snohomish county he was no longer an at-
torney therein.   It does not appear that any substitu-
tion of attorneys was made, and said Munns continued
to be an attorney of record for defendants.   In view
of this a proper service was made, and the motion is
denied.

It appears that the defendant Sherwood was con-
ducting a logging business in Snohomish county; that
he was indebted to defendant Ault in the sum of
$3,500.00; that he executed a chattel mortgage to Ault
upon all of his logs in the sum of $7,000.00 to secure
the indebtedness aforesaid and such further advances
as Ault might make to assist Sherwood in getting his
logs to market, which logs the Tacoma Mill Company
was buying.   Ault being unable to furnish any more
money, Sherwood applied to the Tacoma Mill Com-
pany therefor, and was informed that they would fur-
nish him the money applied for if Ault would execute
the notes with him.   Thereupon the two notes in
question were prepared, signed by Sherwood, and sent
by the Tacoma Mill Company to Ault, who also signed
them, immediately under Sherwood's name, and re-
turned them by mail to the plaintiff.   At the time the
notes were executed Sherwood was indebted to the
plaintiff in the sum of $1,344 and some cents, and $600
in money was thereafter sent by the plaintiff to Ault,
and Sherwood was credited with the sum of $650 for
supplies to be furnished in the future, the whole mak-
ing up the amount and consideration of the notes.

Two defenses were set up by the defendant Ault to
the notes in question.   The first one was that he exe-
cuted the notes under a parol understanding, or agree-

ment, that he was not to be liable thereon, but that the same were executed by him for the purpose of allowing the plaintiff to come in under the mortgage previously given by Sherwood to Ault, and that, according to such understanding, he was to be paid first out of the proceeds of the logs.

This testimony was admitted over the objection of the plaintiff. It is contended that the same was incompetent on the ground that parol testimony was inadmissible to vary the terms of the written instruments, and we are of the opinion that the point is well taken. A great many authorities have been submitted by the respondent as supporting his contention, but we do not think any of them go to the extent claimed. The execution of the notes was admitted by Ault, and the consideration therefor was clearly proved. Ault admitted having personally received the $600 in money from the plaintiff on these notes after their execution, although he claims that he received and disbursed it for Sherwood's benefit. The purport of this defense was to show that Ault was not to be liable upon the notes in any event, and the effect was to render his signature thereto of no value whatever.

The law will not permit the maker of a note, where there is a consideration, to show an oral agreement that he was not to be liable at all on the note. It has been frequently held that a person signing a note on its face may show that he signed it as a surety and not as a principal, but none of the cases go so far as to hold that he can show he was not to be liable in any wise.

The next defense was that Ault was an indorser on the notes; that they were not presented for payment and notice given to him as an indorser, and that therefore his liability was extinguished. It appears that at the

time he transmitted the notes to the plaintiff, he inclosed therewith a letter, stating that he had "endorsed them." He claims that in consequence thereof he can only be held, if at all, as an indorser. No reason is offered for not writing his name upon the back of the notes instead of signing them as a maker. He does not claim that he was misled in any way in executing the notes, or that he misunderstood the apparent effect thereof — in fact, it appears that he was an attorney at law. He does not even claim that he intended to sign the notes differently than he did sign them, but he contends that the notes and the letter in question should be construed together as one instrument, and that the effect was to render him liable only as an indorser.

If the usual and technical meaning is to be given to the word indorser in this instance, it is apparent that the letter was in direct conflict with the notes, and the question is, which should govern? It is not difficult of solution, for Ault himself was responsible for the conflict, and it seems carelessly so, if he only intended to be held as an indorser, and the notes and letters should be most strongly construed against him. It is true the letter transmitting the notes said that he had indorsed them, but it appeared just as plainly by the notes that he had signed them as a maker. He placed his name upon the face of the notes intentionally, and delivered them as a present contract, and the plaintiff was justified in receiving the notes and in holding Ault as a maker, under the circumstances. In fact it would appear as though the word "indorsed" had been used in the letter inadvertently, or in the sense of having signed them rather than in its strict technical sense.

It is contended that independent of this, Ault could

show the character in which he executed the notes, and could show that although he signed upon the face of the notes that he did so as an indorser only. Much has been written upon this subject, and it would be an interminable, as well as practically useless, task to undertake to review the numerous cases. A majority of the courts have held that the maker of a joint and several promissory note may show by parol testimony whether he signed the note as a principal or as a surety with knowledge of the payee. The reason for this is well stated in the case of *Hubbard v. Gurney*, 64 N. Y. 457 to be as follows:

. " The contract was in all respects the same, whether the defendant was principal or surety. In either case it was an absolute promise to pay one thousand dollars one day after date, nothing more and nothing less. There is neither condition nor contingency. It would have been precisely the same contract if the defendant had added the word "surety" to his name. The addition of that word would not have varied it in the slightest degree. The only service it would have performed would have been to give notice to the other party of the fact. If this is shown *aliunde* it is equally effective. . . . It is an extrinsic circumstance, not affecting the contract made, but which operates, when knowledge of it is brought home to the creditor, to prevent him from changing the contract or making a different one with the principal debtor, without the consent of the surety, or from releasing any security held for the payment of the debt and imposes the duty of enforcing the contract, when due, upon request of the surety. The right to do these acts or omit to perform such duty, in no legal sense, belongs to or is included within the terms or legal effect of the contract."

It has also been held in suits between indorsers upon a note that it may be shown that their liability is a joint instead of a succeeding one, but this was upon the ground that the contract in such case is one im-

plied by law, and that it was not in violation of the rule as to admitting parol testimony to vary a written instrument. But none of these cases sustain the proposition contended for here. The liability assumed by a surety upon a note is essentially different from that assumed by an indorser. The surety is liable the same as the principal. It is true the payee may not enter into a subsequent contract with the principal of the note extending the time of payment, etc., without the surety's consent, and still hold him. But as to the indorser the situation is entirely different. Upon the maturity of the note the holder is called upon to take some action in case of non-payment to maintain his claim against the indorser, and if proof was to be admitted that a person signing a note as a maker was in fact only an indorser, it would be a plain violation of the rule as to admitting proof of a contemporaneous oral agreement to vary statements of a written instrument. No case has been called to our attention where any court has held that the maker of a note may show by such testimony that he was simply to be held as an indorser.

In support of the respondent's contention that he should only be held as an indorser, it was claimed that he signed the notes after their delivery to the plaintiff. We do not think this is sustained by the proofs, as it substantially appears from his own testimony that the notes had not been delivered, but had been previously signed by Sherwood and left with the plaintiff for the plaintiff to transmit to Ault. This was done, and after Ault had signed and returned the notes the remainder of the consideration above the existing indebtedness of Sherwood to the plaintiff was paid. And under the weight of the authorities a person writing his name

upon the back of a note before delivery will be held as guarantor or maker, and not as indorser.

The appellant has requested, in case its contentions in the premises are sustained, that the cause be remanded with instructions to enter up a judgment in its favor upon the notes.   No objection was made thereto by the respondent.   There seems to be no controversy as to the facts, which were properly admissible in evidence, and therefore the request will be granted.   The judgment is reversed and the cause remanded with instructions to enter a judgment in favor of the plaintiff against the defendants for the amount due upon the notes, and for the attorney's fee to be fixed as stipulated.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.

DUNBAR, J., dissents.