[No. 2123.  Decided June 25, 1896.]

ROBERT WINGATE, *Receiver, Appellant,* v. N. G. BLA-
LOCK *et al., Respondents.*

NEGOTIABLE INSTRUMENTS — MAKER OR SURETY — PAROL EVIDENCE.

The makers of a promissory note cannot show by parol that
they all signed it as sureties, especially when there is an affirma-
tive statement in the note that the parties signed as principals.

Appeal from Superior Court, Pierce County.— Hon.
W. H. PRITCHARD, Judge.   Reversed.

*Doolittle & Fogg,* for appellant.

*W. C. Jones,* Attorney General, and *James A. Haight,*
for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The appellant, as receiver of the Mer-
chants' National Bank of Tacoma, brought an action
on a certain promissory note made by the respond-
ents in favor of the Merchants' National Bank of
Tacoma, for the sum of $1,273.50, with interest.   The
note recited that the respondents were principals, the
first two lines of the note being as follows:

"January 31st, 1895, after date, without grace, we
as principals, promise to pay to the order of the Mer-
chants' National Bank of Tacoma," etc.

And was signed by the respondents individually as
principals ordinarily sign.   On the back of the note
was the following memorandum:

"The within note is a renewal of a note for $1,213.00,
dated Sept. 26th, 1892, with interest at 10 per cent.
per annum.   Said note originated in an advance of
$1,000 (which has been increased by accumulated
interest) made by the Merchants' National Bank of

Tacoma to the World's Fair Ass'n. of Washington."

The defendants answered that the Merchants' National Bank of Tacoma advanced to, and for the use of the state of Washington, for and on account of the World's Fair, the money in question, and received a promissory note of defendants as evidence of the indebtedness of the state of Washington, which note had stamped across its face the words " Washington World's Fair Commission;" that at the time the money was advanced, the payors and payee of said note regarded the transaction as an advance of money to the state of Washington, that said money was advanced on the faith of and for the consideration that it would be expended to and for the use of the state of Washington, through expenditures on account of Washington in connection with the World's Fair, and that the state would be responsible for its payment; that the present note now sued on was given by defendants in renewal of the note first above mentioned, and in view of that consideration; that when the note sued on matured, the state of Washington had $3,000 on deposit in payee's bank, which its receiver had in his possession when he brought this suit against the defendants, and that the bank and its receiver refuse to pay over said money to the state of Washington. The state of Washington intervened and set up in answer the same state of facts alleged by the answer of the respondents, the makers of the note, and alleged in addition that unless it was permitted to set off a portion of its deposit against the note sued on it would lose equal to 20 per cent or more of said note, and prayed that it might set off against said note out of its deposit a sum equal to the amount due thereon. In addition it alleged that none of the signers of the note nor the bank understood that the makers of the note were as-

suming any liability other than that of surety for the state of Washington, and further, that said money was used as it was intended to be used, for, and in behalf of, the state of Washington.

To these respective answers the appellant interposed a demurrer to the effect that they did not state facts sufficient to constitute a defense to the action, which demurrer was overruled, and the appellant, relying upon his demurrer, has ,ppealed to this court.   Out-side of the question as to whether the state, assuming it to be a proper party to this suit and a depositor in the bank, could compel the bank to apply the deposit to the payment of the note, we think this judgment will have to be reversed.   While it is true that this court, in common with many others, has held that it was competent for one who signed a note as principal to show that he really signed as surety, yet we think no court has gone so far as to hold that all the makers of a note may show that they signed as sureties, which would destroy the idea that there was any principal to the note at all,— and especially when there was an affirmative statement in the note that the parties signed as principals.   This, we think, without doubt would resolve.itself into allowing an oral contract to be substituted for a written one, and the allegations of this answer certainly do vary the terms of the written contract.   It is not a payment by the state which is pleaded,— of course a payment could be pleaded whether the payment was made by the parties· to the note or by a stranger,— but all that is claimed by the state here is simply a right to an offset, for the state could have withdrawn its deposit any time, and the bank could not have prevented such withdrawal, and had no hold on the deposit of the state by reason of the execution of the note by the respondents.   In

other words,.the bank had no recourse on the state and could not have recovered from it by a suit on the note for the reason that the state was in no sense a party to the contract.

We think there are no authorities that would warrant us in holding that the matters set up in the answer, either of the state or of the respondents, were a sufficient defense to the promissory note, where the makers themselves had seen fit to incorporate in the body of the note the plain and unequivocal statement that they were the principals, and where, if the allegations of the answer were true, there would be no principal to the note. The judgment will be reversed and the cause remanded with instructions to the lower court to sustain the demurrers to the answers.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.