[No. 2869. Decided June 20, 1898.]

A. HEMRICH, *Respondent*, v. KATHERINE WIST, *Appellant*.

PROMISSORY NOTES — VARIATION BY PAROL — WIFE'S PERSONAL LIABILITY.

In an action against a wife upon a joint and several note executed by herself and husband, an answer alleging a parol agreement that she was not to be held personally liable thereon, but had only signed it as a member of the community, does not constitute a defense.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Ballinger, Ronald & Battle*, for appellant.
*Allen & Allen*, for respondent.

*Per Curiam.*—This was an action upon a promissory note, joint and several, executed by Phillip Wist and Katharine Wist, husband and wife. The husband died

and an administrator of his and the community estate was appointed. The claim upon the note was presented to the administrator and payment was refused in consequence of its not having been presented within the time prescribed by the statute. A mortgage had also been given by said parties to secure the note. This action was thereafter brought against the wife upon the note; the answer set up the foregoing facts and alleged a parol understanding to the effect that she was not to be held personally liable thereon, but had only signed it as a member of the community. A demurrer to this answer was sustained and the appeal is therefrom. We are of the opinion that the demurrer was properly sustained. A defense of that kind should not be allowed to contradict the terms of the written instrument. No fraud was alleged as against the appellant in inducing her to sign the note, and we are of the opinion that her separate property became liable upon the contract. This has in effect been settled by prior decisions of this court. The respondent has asked for damages on the ground that the appeal was without merit and taken for the purpose of delay, but, being of the opinion that the appeal was prosecuted in good faith, this claim is denied.

Affirmed.