[No. 7590. Decided December 24, 1908.]

## E. R. Anderson, *Respondent*, v. C. E. Mitchell, *Appellant*.[1]

Evidence—Parol Evidence to Vary Writing—Bills and Notes. In the absence of fraud or mistake, parol evidence is inadmissible to show that the maker of a note signed the same for a corporation under a collateral verbal agreement that he should not be liable thereon either as principal or surety.

Pleading—Issues and Proof—Bills and Notes. Under an affirmative answer that the maker of a note was not to be bound either as principal or surety, evidence to show the nature of the debt under the laws respecting community property and suretyships is not within the issues.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered February 8, 1908, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon a promissory note. Affirmed.

*John C. Kleber*, for appellant.

*Happy & Hindman*, for respondent.

Chadwick, J.—Action by E. R. Anderson, plaintiff, against C. E. Mitchell, defendant, upon a promissory note. From a judgment in favor of plaintiff, defendant appeals.

The note sued on was made by appellant in favor of the Fidelity National Bank of Spokane, Washington. After maturity of the note, it was transferred to respondent, who

[1]Reported in 98 Pac. 751.

brought this action. The complaint is in the usual form. Appellant answered, admitting the execution of the note, and·alleging as a further defense that the debt, loan or consideration for the note was due to the bank from the United States Marble Company, a corporation; that the said Marble Company was a heavy debtor of the bank, and desired further advances in excess of the amount permitted by the Federal laws and regulations governing national banks, and that the bank was desirous of loaning the money to said company, but did not desire the note of said company, but requested the appellant herein to make the note for the said Marble Company; that it was understood and agreed by and between the said bank and the appellant when said note was executed and delivered that appellant should not be bound thereby, either as· principal or surety. A demurrer to this answer was overruled and the case proceeded to trial. However, on the trial the court refused to allow the introduction of parol evidence in support of the further and separate defense, and we think properly so.

It has been repeatedly held by this court that, in the absence of fraud or mistake, it is incompetent for one who signs a promissory note as principal to set up an independent collateral agreement limiting or exempting him from liability. He is bound by the terms of his obligation. *Tacoma Mill Co. v. Sherwood*, 11 Wash. 492, 39 Pac. 977; *Bryan v. Duff*, 12 Wash. 233, 40 Pac. 936, 50 Am. St. 889; *Allen v. Chambers*, 13 Wash. 327, 43 Pac. 57; *Wingate v. Blalock*, 15 Wash. 44, 45 Pac. 663; *Shuey v. Adair*, 18 Wash. 188, 51 Pac. 388, 63 Am. St. 879, 39 L. R. A. 473; *Hemrich v. Wist*, 19 Wash. 516, 53 Pac. 710. This being the rule as between the original parties to the instrument, it follows that the defense could not be set up as against a subsequent holder of the note.

It is contended, however, that under the community property laws and the statutes respecting suretyships, the maker has a right "to establish the nature of the debt created by the note." Appellant expressly pleads that he was not to

be bound either as principal or surety, nor is there anything in the record to indicate that appellant is a married man or possessed of any community property. It will thus be seen that the question raised in appellant's brief, and sought to be raised by him on the trial, is not within the issues, and consequently cannot be inquired into by this court. A party cannot plead one defense and give evidence of another over the objection of his adversary.

HADLEY, C. J., MOUNT, RUDKIN, FULLERTON, CROW, and DUNBAR, JJ., concur.