[No. 9388.   Department Two.   July 3, 1911.]

MARION J. BELL, *Respondent*, v. OLE ENGVOLSEN *et al., Appellants.*[1]

MORTGAGES—CONSTRUCTION—INTEREST — TIME FOR PAYMENT — DEFAULT. There being no conflict between a mortgage note calling for interest at a certain rate per annum, and a stipulation in the mortgage requiring payment of interest semi-annually, according to the terms of the note, the two are to be construed together as intending semi-annual payments, and hence failure to pay interest semi-annually constitutes a default within the provisions of the mortgage authorizing foreclosure thereon.

Appeal from a judgment of the superior court for Clallam county, Still, J., entered June 15, 1910, upon findings in

[1]Reported in 116 Pac. 456.

favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*William B. Ritchie,* for appellants.

*W. Brumfield* and *J. E. Cochran,* for respondent.

CHADWICK, J.—This is an appeal from a decree foreclosing a mortgage given to secure a promissory note, whereby appellants promised to pay to respondent, three years after date, $3,100, "with interest at the rate of ten per cent per annum until paid." It is provided in the mortgage:

"This conveyance is intended as a mortgage to secure the payment of three thousand one hundred dollars, gold coin of the United States, together with interest thereon in like gold coin at the rate of ten per cent per annum from date until paid, payable semi-annually, according to the terms and conditions of one certain promissory note bearing even date herewith, made by first parties, payable three years after date to the order of second party. And these presents shall be void if such payment be made according to the terms and conditions thereof. But in case default be made in the payment of the principal or interest of said promissory note, or any part thereof, when the same shall become due and payable, according to the terms and conditions thereof, then the said party of the second part, his executors, administrators and assigns, are hereby empowered to sell the said premises, with all and every of the appurtenances or any part thereof, in the manner prescribed by law, and out of the money arising from such sale, to retain the whole of said principal and interest whether the same shall be then due or not, together with the cost and charges of making such sale, and the overplus, if any there be, shall be paid by the party making such sale, on demand, to the said parties of the first part, their heirs or assigns."

It is contended that, inasmuch as the note does not provide for the payment of interest until the due date, the stipulations contained in the mortgage cannot be held to enlarge its terms. We find the rule to be as declared by the trial judge.

When a note is made and a contemporaneous writing is executed to secure or qualify it, the two instruments, when not conflicting, will be construed together so that effect may be given to both. The purpose of the court is to gather the intent of the parties, not from the one writing, but from all of them. *Dobbins v. Parker*, 46 Iowa 357, is quite on all fours with the case at bar:

"The notes and mortgage bear the same date, and are to be construed together. There is no real conflict between the notes providing for ten per cent interest per annum from date, and the mortgage providing for interest at the rate of ten per cent per annum payable annually. If the notes had expressly provided that the interest should be payable annually, and the mortgage had provided that the interest should be payable semi-annually, there would have been a case of real conflict. But in this case the mortgage specifically provides for something respecting which the notes are silent, and the provisions of the mortgage might be incorporated into the notes without creating any inconsistency. The notes would then read 'with ten per cent interest per annum from date payable annually.' It is claimed, however, that the words 'according to the tenor of four promissory notes of said Francis Parker, of even date herewith,' show that the intention was to pay simple interest at the rate of ten per cent per annum as provided in the notes. This construction would entirely ignore the word 'annually.' Agreements must be so construed, if possible, as to give effect to all the terms employed. Tenor does not mean the exact language, but the purport, substance, general course or drift. The mortgage, then, provides for payment of the notes according to their purport and substance. This is not necessarily inconsistent with the idea that the interest on the notes should be paid annually.".

See, also, *Muzzy v. Knight*, 8 Kan. 456; *Meyer v. Graeber*, 19 Kan. 165; *Hennessy v. Gore*, 35 Ill. App. 594; *Brownlee v. Arnold*, 60 Mo. 79; *Seieroe v. First Nat. Bank*, 50 Neb. 612, 70 N. W. 220; *Prichard v. Miller & Co.*, 86 Ala. 500, 5 South. 784; 17 Am. & Eng. Ency. Law (2d ed.), 11; 27 Cyc. 1135; Daniel, Negotiable Instruments (5th ed.), § 156;

Jones, Mortgages (5th ed.), § 71. There being no conflict in the terms of the two writings, and the intention of the parties to pay interest semi-annually being manifest, the whole debt, by reason of this default, became due, and the decree was properly entered.

Affirmed.

DUNBAR, C. J., ELLIS, CROW, and MORRIS, JJ., concur.