[No. 11945.  Department One.  September 16, 1914.]

G. E. LOVELL, *Respondent*, v. THOMAS MUSSELMAN, *Appellant*.[1]

MORTGAGES—NOTES—CONFLICT — TIME FOR PAYMENT — CONSTRUCTION. A note for $250, dated September 16, 1908, payable one year after date, is not modified in its terms by the execution of a mortgage on the same day reciting that it was made on consideration that plaintiff should defeat a decree of divorce, and to secure the payment of $350, according to the terms of two notes made by the mortgagor, one of which is payable to plaintiff "for $250, due November 1, 1909;" since it is an unconditional promise to pay a fixed sum of money upon a day certain, the mortgage not purporting to postpone the maturity of the note, or to make its maturity contingent upon the event stated in the mortgage; and since the note and mortgage, if not conflicting, will be construed together so that effect may be given to both.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 9, 1913, in favor of the plaintiff, in an action on a promissory note, after a trial to the court. Affirmed.

*Berkey & Cowan*, for appellant.

*Zent, Powell & Redfield*, for respondent.

[1]Reported in 142 Pac. 1143.

Gose, J.—This is a suit upon a promissory note. There was a judgment for the plaintiff. The defendant has appealed.

The facts are these: On the 16th day of September, 1908, the appellant made and delivered his promissory note to the respondent for $250, payable one year after date, without grace, for value received. On the same day, the appellant executed to the respondent a mortgage, which recites that it is executed "for and in consideration of said attorney to defeat decree of divorce." It further recites that it is given to secure the payment of $350, with interest, according to the terms and conditions of two promissory notes made by the mortgagor, one of which is payable to the respondent "for $250, due November 1, 1909." The mortgage further recites that, in case default be made in the payment of either the principal or interest of said note or any part of either principal or interest, "according to the terms of said notes," the holder of the notes may foreclose the mortgage for the whole amount then due on account of principal, interest, etc. It will be observed that the note in controversy is made payable on the 16th day of November, 1909, whereas the mortgage recites that it secures a note for a like amount in favor of the respondent, due November 1, 1909.

The appellant contends that the note and the mortgage should be read and construed together, and that, when so construed, it will appear that the consideration for both the note and the mortgage is that the respondent should defeat a decree of divorce, which it is shown he did not do. The appellant's contention cannot be sustained. The note is an absolute and unconditioned promise to pay a fixed sum of money upon a day certain. The most that can be said is that the consideration for the mortgage was that the respondent should defeat a certain decree of divorce. The law is that, if a note and mortgage contain conflicting provisions, the note will govern as being the principal obligation. 27 Cyc. pp. 1135, 6, subd. b; *Bell v. Engvolsen*, 64 Wash. 33, 116

Pac. 456. In that case, in considering the precise question, we said.

"When a note is made and a contemporaneous writing is executed to secure or qualify it, the two instruments, *when not conflicting*, will be construed together so that effect may be given to both. The purpose of the court is to gather the intent of the parties, not from the one writing, but from all of them." (The italics are ours.)

*Dobbins v. Parker*, 46 Iowa 357, and Daniel, Negotiable Instruments (5th ed.), 156, are to the same effect.

In addition to the cases to which we have referred, the appellant has cited *Jacobs v. Mitchell*, 46 Ohio St. 601, 22 N. E. 768. It does not sustain his position. The rule there announced is that, where a note is made and delivered for the payment of a sum certain upon a fixed date, and concurrently therewith a separate agreement is entered into between the maker and the payee to the effect that the note should not become due and payable until the happening of an agreed contingency, an action on the note cannot be maintained until the terms of the concurrent agreement have been complied with. The case would be in point if the mortgage made direct reference to the note and provided that, notwithstanding its terms, it should not be payable until the happening of the contingency named in the mortgage. If it may be said that there is a conflict between the note and mortgage, the terms of the note will control. The truth is, however, that the mortgage does not purport to postpone the maturity of the note, or to make its maturity contingent upon the happening of the event stated in the mortgage. The note was long past due when suit was brought, and the court was right in holding that its terms were in no way modified by the mortgage.

The judgment is affirmed.

CROW, C. J., CHADWICK, ELLIS, and MAIN, JJ., concur.