[No. 13495. Department One. November 17, 1916.]

ORA VAN TASSEL, *Respondent*, v. THOMAS McGRAIL *et al.*, *Appellants.*[1]

BILLS AND NOTES—LIABILITY—DEFENSES—COLLATERAL AGREEMENT —"UNQUALIFIED PROMISE." A promissory note, containing an absolute and unconditional promise to pay a fixed sum upon a day certain, cannot be qualified by affixing a collateral agreement that the same was to be paid only by the sale of lots and the application of the proceeds of the sales.

SAME. In such a case, though the two writings be construed together as one instrument, it is an absolute promise to pay, negotiable in character, within the meaning of Rem. 1915 Code, § 3394, declaring that an unqualified order or promise to pay is unconditional though coupled with an indication of a particular fund out of which the reimbursement is to be made; hence the condition is at best merely a privilege available as a defense only upon misapplication of available proceeds.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered December 27, 1915, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*Dysart & Ellsbury* and *C. D. Cunningham*, for appellants.
*W. H. Abel* and *Coy Burnett*, for respondent.

CHADWICK, J.—Plaintiff and his wife were the owners of certain property in the state of Oregon which was deemed valuable for townsite purposes. Plaintiff, being unable to finance his endeavor, solicited the aid of the defendants. A

[1]Reported in 160 Pac. 1053.

corporation was formed. The land was conveyed to the corporation at a valuation of $12,000. Stock was issued to all the parties in proportion to their interests. At the time the corporation was organized, defendants subscribed for stock to the extent of $6,000. They paid in $3,000 in money. To meet their subscription, and to balance the stock issue, defendants executed the obligation following:

"On or before one year from date, without grace, for value received, we or either of us, promise to pay to the order of the Vanora Townsite Company, a corporation, three thousand ($3,000) dollars, with interest from date at the rate of six per cent per annum, until paid.          Thos. McGrail,
                                    "John P. Symons,
                                    "S. A. Agnew."

Upon the same sheet of paper, the parties wrote and subscribed to the following:

"It is herein provided and agreed that the above note is to be paid from the proceeds obtained from the sale of lots in the town of Vanora, Crook county, Oregon, and that one-fourth (¼) of the proceeds of all sales of lots in said town of Vanora are to be applied to the payment of said note and interest and until the same is paid.          Thos. McGrail,
                                    "John P. Symons,
                                    "S. A. Agnew.
                            "Vanora Townsite Company,
                                    "By: Thos. McGrail."

The note was thereafter indorsed over to plaintiff.

As lots were sold, payments were applied on the note as provided in the collateral contract. There is also a payment of $1,000, the source and legal effect of which is controverted, but as we now view the law of the case, it is not material. The townsite venture was a failure, the unsold property being sold under a mortgage foreclosure proceeding. The court below made findings in favor of plaintiff, and entered judgment against defendants in the sum of $2,061.70. Defendants have appealed.

The complaint is in ordinary form. Two defenses are set up; that respondent took the note with full knowledge of the collateral agreement, and that the action is premature.

That a collateral oral agreement limiting the liability of the maker of an unqualified promise to pay, or fixing a collateral source of payment, is not available as a defense is now well settled by our own decisions. *Tacoma Mill Co. v. Sherwood*, 11 Wash. 492, 39 Pac. 977; *Bryan v. Duff*, 12 Wash. 233, 40 Pac. 936, 50 Am. St. 889; *Anderson v. Mitchell*, 51 Wash. 265, 98 Pac. 751; *Pitt v. Little*, 58 Wash. 355, 108 Pac. 941; *First National Life Assurance Society of America v. Farquhar*, 75 Wash. 667, 135 Pac. 619; *Post v. Tamm*, 91 Wash. 504, 158 Pac. 91.

In the *Anderson* case, we said:

"It has been repeatedly held by this court that, in the absence of fraud or mistake, it is incompetent for one who signs a promissory note as principal to set up an independent collateral agreement limiting or exempting him from liability. He is bound by the terms of his obligation."

It is also settled by our own expressions that, where an unqualified written promise to pay in money is accompanied by a writing which conflicts or lends ambiguity to the promise, the unqualified promise will control. This principle was announced in *Lovell v. Musselman*, 81 Wash. 477, 142 Pac. 1143, where we said:

"The note is an absolute and unconditional promise to pay a fixed sum of money upon a day certain. . . . The law is that if a note and mortgage contain conflicting provisions, the note will govern as being the principal obligation."

See, also, *Tacoma Mill Co. v. Sherwood, supra.*

While there is some conflict in the authorities, of which appellants avail themselves, we understand the greater weight of authority, upon a like state of facts, is consistent with the rule we have heretofore declared.

But if we grant the merit of appellants' contention that the two writings are to be construed together as one instru-

ment, they are in no better position. The result is the same. We need look no further than the statute. The writing is an absolute promise to pay, negotiable in character. The statute follows:

"An unqualified order or promise to pay is unconditional within the meaning of this act, though coupled with:

"(1) An indication of a particular fund out of which reimbursement is to be made, or a particular account to be debited with the amount;" . . . Rem. 1915 Code, § 3394.

The best that appellants could hope for is a holding that the parties fixed a source of payment other than their personal obligation. But if it were so held, it would not be a defense for, as is shown by competent testimony and admitted by appellants, the source out of which they expected the note to be paid has failed. The agreement that the note "is to be paid from the proceeds obtained from the sale of lots in the town of Vanora," is, at best, a privilege available only as a defense in the event that respondent had in fact sold lots sufficient to satisfy the note and had not accounted therefor. There being neither pleading nor testimony to sustain this theory, it follows that appellants are bound by their promise, unqualified by the collateral agreement fixing a source of payment.

The legal meaning of the collateral agreement is no more than that the note is to be paid *pro tanto* as funds become available out of the proceeds of the sale of lots. If there are no proceeds, the promise to pay remains.

Affirmed.

MORRIS, C. J., MAIN, ELLIS, and PARKER, JJ., concur.