[No. 10487. Department One. January 3, 1913.]

MARGARET PALMER, *Appellant,* v. B. F. SHIELDS *et al.,*
*Respondents.*[1]

FRAUD—FALSE REPRESENTATIONS—SALE OF STOCK—EVIDENCE—SUF-
FICIENCY. In an action to recover damages for fraudulent represen-
tations inducing the plaintiff to sell corporate stock at less than its
value, a nonsuit is properly granted, where it appears that she did
not rely upon the representations but employed an attorney to make
an investigation and acted upon his advice after every opportunity
to make an investigation, and that she made no complaint of the
sale for three years.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered February 8, 1912, dismissing an
action for fraud, upon granting a nonsuit. Affirmed.

*John E. Humphries* and *William A. Johnson,* for appellant.
*Martin & Todd,* for respondents.

CROW, J.—This action was commenced by Margaret Palmer
against B. F. Shields, C. F. Shields, and William H. Liven-
good, to recover the difference between the alleged value of
stock which she sold to or through defendants, and the price
paid by them. Plaintiff's stock consisted of 3,200 shares, of
the par value of one dollar each, in the Spokane Grain Com-
pany, a corporation organized under the laws of this state,
with its principal place of business in the city of Seattle. The
defendants were stockholders and officers of the corporation,
in charge of its business and affairs. Plaintiff in substance
alleged that, on August 14, 1907, the stock which she then
sold to or through the defendants for $3,200 was of the
actual value of $10,000; that she was inexperienced in and
unused to business transactions, a fact well known to the de-
fendants; that they confederated and conspired to take ad-
vantage of her and secure the stock for much less than its
actual value; that they falsely represented to her that the

[1] Reported in 128 Pac. 1051.

corporation was in immediate danger of insolvency and liable
to go into the hands of a receiver; that they stated she would
not receive ten cents on the dollar unless she then sold her
stock for $3,200; that they represented the assets of the
corporation as insufficient to cause her to realize more than
$3,200; that these representations were false and fraudulent;
that the corporation was not then in danger of insolvency;
that there was no probability of a receivership; that in fact it
had assets of sufficient value over and above its liabilities to
give plaintiff's stock a value of $10,000; that plaintiff, rely-
ing on the false and fraudulent representations thus made,
was thereby induced to sell, and did sell, her stock for $3,200,
and that she has been damaged in the sum of $7,000. The
answer consisted of denials only. At the close of plaintiff's
evidence, the trial judge entered a nonsuit and dismissed the
action. The plaintiff has appealed.

The controlling question before us is whether the trial
court erred in sustaining respondent's motions for a nonsuit.
The appellant sold her stock on August 14, 1907, for $3,200.
There is no evidence showing any dealing or negotiations be-
tween her and the respondents C. F. Shields and William H.
Livengood or any representations by them. There can be
no question but that as to them the nonsuit was properly
granted. The only evidence introduced by appellant to show
false and fraudulent representations as the basis of her claim
was directed against the respondent B. F. Shields. After a
careful examination of such evidence, we conclude it is insuffi-
cient to sustain any recovery against him. The theory of
appellant's case is that she was fraudulently deceived by the
representations of the respondent B. F. Shields as to the fi-
nancial condition of the corporation; that, relying upon such
representations, she made the sale, and that the stock was of
the actual value of $10,000. In order that appellant may re-
cover, it devolves upon her to show that the alleged repre-
sentations were made; that they related to or assumed to
state existing facts, that they were not expressions of opinion

only, that they were false, that she believed them to be true, that she relied and acted upon them, and that she was damaged thereby. We find that the appellant has failed to meet these requirements. Her evidence shows that she did not believe the statements and representations which she contends were made by the respondent B. F. Shields. She testified that, before acting upon his statements, she employed an attorney to investigate the affairs of the corporation and advise her; that the attorney had every opportunity to make such an investigation; that he was not denied access to the books or records of the corporation; that he advised appellant to sell her stock for $3,200; that she then made the sale; and that she did not make it until after she obtained his advice. It further appears from appellant's statements that, for nearly three years after the sale which was made on August 14, 1907, she made no complaint; that she did not commence this action until August 12, 1910, and that she made no demand upon respondents or the corporation prior to its commencement. The only evidence she produced to show the value of the stock consisted of certain trial balances and financial statements of the corporation, which were made prior to and shortly after the sale. A number of these statements had been delivered to her regularly as a stockholder, some of them a short time prior to the sale, and had remained in her possession or control until the date of the trial. All statements and trial balances made prior to the sale were subject to the examination and inspection of her attorney, and none of them differ materially from the trial balances made after the sale. If they were sufficient evidence at the trial to show that the stock had a value of $10,000 when sold, they were also sufficient evidence to show that fact before the sale was made and at the time when they were subject to the inspection of her attorney. The record indicates that, in the latter part of the year 1907, during a financial panic which prevailed throughout this country, appellant was anxious to sell her stock; and that she did sell it upon the advice of her

own attorney. If she was deceived or misled, which we do not believe, it was the fault of her attorney and not of the respondents or any of them.

The judgment is affirmed.

MOUNT, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.