SHAWMUT COMMERCIAL PAPER CO. *vs.* LOUIS AUERBACH & another.

Suffolk.   January 14, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes,* Indorsement.  *Corporation,* Foreign, Officers and agents.  *Partnership.*

The mere fact that a foreign corporation, whose name is a combination of the names of its president and treasurer, has not filed with the commissioner of corporations copies of its charter and by-laws and of a vote appointing him its attorney for the service of process as required by St. 1903, c. 437, §§ 58, 60, as amended, does not make the president and the treasurer liable as copartners or as indi-

viduals by reason of an indorsement of a note by the president in the name of the corporation.

Where the president of a corporation, having a name which is a combination of the names of its president and its treasurer, acting under a vote of the directors purporting to authorize him to do so, indorsed in the name of the corporation a note, the proceeds of which were placed in the corporation's treasury and all transactions regarding which were entered on the corporation's books, the mere fact that the by-laws of the corporation neither gave to the president power to indorse the note nor to the directors power to authorize him to do so, does not render the president and the treasurer liable to an indorsee of the note either as copartners or individually, because the corporation has adopted the act of its president in indorsing the note and the question of his authority cannot be raised by the indorsee.

CONTRACT against Louis Auerbach and Edgar S. Hill, described in the writ as copartners doing business under the name and style of Auerbach, Hill & Co., as indorsers of two negotiable promissory notes. Writ in the Municipal Court of the City of Boston dated January 24, 1911.

On appeal to the Superior Court, the case was heard by *Hitchcock,* J., without a jury. It appeared that the indorsement on the back of the note was "Auerbach, Hill & Co.," and was written by the defendant Auerbach. Auerbach was president and Hill was treasurer of the corporation Auerbach, Hill & Co. The other material facts are stated in the opinion.

At the close of the evidence, at the request of the defendants, the judge found that the payee of the notes, Auerbach, Hill & Co., was a Maine corporation, that it, and not the defendants, was the indorser of the notes in question, and that the defendants were not copartners. He ruled that on all the evidence the defendants were not liable, and that the mere fact that the corporation Auerbach, Hill & Co. had filed no record of its charter or by-laws with the commissioner of corporations in accordance with St. 1903, c. 437, §§ 58, 60, did not invalidate its contract or make the defendants personally liable as indorsers on the note in suit.

The plaintiff asked for the following rulings:

"1. That upon all the evidence a verdict should be rendered for the plaintiff as against both defendants.

"2. That as a matter of law the signature, Auerbach, Hill & Co., as indorsed on said notes, is not a corporation signature."

"5. That as a matter of law upon all the evidence in the case the acts of the defendants, Auerbach and Hill, were such as to

bind them as a partnership even though they may have been stockholders in a corporation of the same name."

"10. That if the defendant Auerbach had no right to sign the corporation name, Auerbach, Hill & Co., and the defendant Hill allowed him to sign the name, Auerbach, Hill & Co., then the name Auerbach, Hill & Co. became a partnership name and both defendants are liable."

The rulings were refused. There was a finding for the defendants; and the plaintiff alleged exceptions.

*E. M. Schwarzenberg*, for the plaintiff.

*C. F. Eldredge*, for the defendants, submitted a brief.

MORTON, J.  This is an action upon two promissory notes, one for $400 and the other for $575, both signed by Charles O. Holway and made payable to Auerbach, Hill & Co. and indorsed by Auerbach, Hill & Co. and discounted by the plaintiff. In the writ the defendants are described as "copartners doing business under the style and firm name of Auerbach, Hill & Co." The defendants denied that they were or ever had been copartners, but contended that the indorsements were the indorsements of a corporation of the name of Auerbach, Hill & Co., organized under the laws of Maine. The case was tried by a judge without a jury and the judge found for the defendants. The case comes here on exceptions by the plaintiff to the refusal of the judge to rule as requested and to certain findings and rulings that were made.

There plainly was evidence that there was a corporation, that the defendants were not and never had been copartners, and that the indorsements were those of the corporation. We do not deem it necessary to go into the evidence in detail. The charter of the corporation as well as its by-laws and records were introduced in evidence. The fact that no copy of the charter and by-laws had been filed with the commissioner of corporations and that no copy of the vote appointing him attorney for the service of process had been filed with him did not constitute the defendants partners or make them liable personally on the indorsements on the notes. There was testimony tending to show that the failure to do that, if material, was the result of an oversight. See also *Ward* v. *Brigham*, 127 Mass. 24.

Neither did the fact, if it was a fact, that according to the by-laws Auerbach had no right as matter of law to sign the corporate

name, and that the directors acted in excess of their authority in passing a vote empowering him to sign checks, notes and drafts, constitute him and Hill copartners and render them liable to the plaintiff. The proceeds of the notes were deposited to the credit of the corporation, and the transactions regarding the notes, so far as the discounting of them and receipt and deposit of the money in the bank to the credit and account of the corporation were concerned, were all entered on its books. If the corporation was satisfied to have Auerbach indorse the notes with its name, neither the plaintiff nor any other third party could raise any question as to his authority.

We see no error in the findings and rulings that were made, or in the refusals to find and rule as requested.

*Exceptions overruled.*