[No. 12922. Department Two. June 16, 1916.]

FRANCES POST, *Respondent*, v. FREDERICK TAMM, *Appellant*.[1]

EVIDENCE—PAROL EVIDENCE—BILLS AND NOTES—CONDITIONS SUB-SEQUENT. In the absence of fraud, a contemporaneous oral agreement providing for the surrender of a promissory note upon the execution by the promisor of a will making the payee a legatee to the extent of the face value of the note cannot be shown as a defense to an action upon the note.

APPEAL — REVIEW — PLEADINGS. Rulings of the trial court in settling the pleadings are not material on appeal, where the appellant was permitted to introduce evidence on any matter constituting a defense, whether included in the pleadings as finally settled or not.

PLEADING—AMENDMENT—CONDITION OF CAUSE. The denial of a request to amend a pleading was not error, where it was not presented until after the cause had been tried and the court had announced its ruling.

Appeal from a judgment of the superior court for Snohomish county, Brawley, J., entered March 23, 1915, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action on a promissory note. Affirmed.

*E. C. Dailey* and *Clifford Newton*, for appellant.
*Sherwood & Mansfield*, for respondent.

MAIN, J.—This action was brought upon a promissory note. The issues were framed by the complaint and seventh amended answer and the reply thereto. The complaint prayed for judgment upon the note. The answer prayed for a rescission. By order of the court, the cause was tried to a jury acting in an advisory capacity. At the conclusion of the defendant's evidence, the plaintiff moved for a directed verdict. This motion was sustained, and a verdict was returned under the direction of the court. From the judgment entered, the defendant appeals.

[1]Reported in 158 Pac. 91.

The note was for the sum of $4,000, and was executed and delivered on July 25, 1912, and by its terms was due twelve months after date. The execution and delivery of the note is admitted. There is no evidence in the record from which it can reasonably be inferred that the appellant did not have the capacity to make the note. Neither is there any evidence upon which fraud could be predicated.

The principal defense offered against the note was an oral agreement contemporaneous with the execution and delivery of the note, to the effect that the appellant intended subsequently to make a will in which the respondent was to be a beneficiary to the extent of $4,000, and that the note was to be held until the will was executed, when it was to be returned to the appellant.

The rule is well settled that, in the absence of fraud or mistake, a contemporaneous oral agreement limiting or exempting the maker of a note from liability cannot be shown as a defense to an action upon the note. In *Anderson v. Mitchell*, 51 Wash. 265, 98 Pac. 751, it was said:

"It has been repeatedly held by this court that, in the absence of fraud or mistake, it is incompetent for one who signs a promissory note as principal to set up an independent collateral agreement limiting or exempting him from liability . . ." [Citing authorities.]

The rule which permits oral testimony for the purpose of showing that a note had never been delivered, and was not intended to take effect until the happening of a certain event, is not here applicable. That rule relates to a condition precedent. In the absence of the condition being performed, there is no valid delivery of the note, and hence no obligation as between the parties.

In this case the execution and delivery of the note is admitted and the obligation thereof recognized; and, for the purpose of defeating it, reliance is placed upon a contemporaneous oral agreement by which a condition not precedent, but subsequent, was offered to defeat liability. If a

contemporaneous oral agreement providing for the surrender of the note upon the happening of a condition subsequent could be used to defeat recovery upon a note, the rule which provides that a note or other written contract cannot be varied or modified by such an agreement would be abrogated.

· Some reference is made in the briefs to the rulings of the trial court in settling the pleadings. Whether the rulings upon the original answer and the first six amended answers were erroneous is not now material. Upon the trial, the appellant was permitted to introduce evidence on any matter constituting a defense, whether included in the pleadings as finally settled or in the prior pleadings. In the case of *Fishburne v. Robinson*, 49 Wash. 271, 95 Pac. 80, it was said:

"The questions relating to the pleadings are moot questions in this court, as the trial court did not deny the appellant the right to introduce evidence on any matter constituting a defense, whether included in the pleadings as finally settled or not."

After the court had announced its ruling upon the motion for a directed verdict, the appellant requested leave to file another amended answer in which he desired to plead certain facts which he claimed would show failure, or partial failure, of consideration for the note. This request was denied. In this there was no error. The cause had been tried, the defendant had rested, and the court had announced its ruling. If there were facts which would show failure, or partial failure of consideration, it would seem that the appellant had ample opportunity to plead the same before the cause went to trial upon the issues framed and before he had rested his case.

The judgment will be affirmed.

MORRIS, C. J., BAUSMAN, PARKER, and HOLCOMB, JJ., concur.