[No. 14570.  Department Two.  April 23, 1918.]

Frank B. Rhodes, *Respondent*, v. H. K. Owens *et al.*, *Appellants*.[1]

Evidence—To Vary Writing—Exchange of Property—Contemporaneous Oral Agreement. In the absence of fraud or mistake, it is inadmissible to vary the terms of a written contract for the exchange of properties, calling for the execution of a note and mortgage as part of the consideration, by evidence of a contemporaneous oral agreement that the note and mortgage were merely given in exchange for or in lieu of another obligation which the holder of the note was obligated to pay, and which he had not done, and that the consideration failed on that account.

Fraud—Evidence—Sufficiency. In an action upon a promissory note given in an exchange of properties, a counterclaim for fraud in misrepresenting the water rights appurtenant to the lands received by defendants is properly disallowed, where it appears that defendants made their own personal inspection and fully informed themselves through investigation and the advice of a lawyer as to the water rights appurtenant to the land.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered June 11, 1917, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*Bogle, Graves, Merritt & Bogle,* for appellants.
*Saunders & Nelson,* for respondent.

[1]Reported in 172 Pac. 241.

MOUNT, J.—This appeal is from a judgment upon a promissory note. The complaint of the plaintiff is the usual form upon a promissory note, dated March 30, 1914, due on the 12th of April, 1916, and executed by the defendants. The answer of the defendants admits the making and delivering of the note and alleges affirmatively, in substance, that, prior to the making of the note, the plaintiff and one H. Victor Owens, who was the son of the makers of the note, agreed by contract in writing that the plaintiff would deed to H. Victor Owens and his father, H. K. Owens, a farm in the state of Oregon, known as the Gladmar Farm; that, in exchange therefor, H. K. Owens and son agreed to deed to the plaintiff a farm in Thurston county, Washington, known as the Jenks Farm, and certain residence property in Seattle; and also to execute and deliver to the plaintiff a mortgage on the Gladmar Farm in the sum of $4,800, payable as provided in the promissory note described in the complaint; that, pursuant to and in execution of said agreement, plaintiff executed and delivered a deed to the Gladmar Farm to H. K. Owens, and H. Victor Owens executed and delivered a deed to the plaintiff for the Jenks Farm; that H. K. Owens and wife executed and delivered a deed to the residence in Seattle, and executed and delivered to the plaintiff the note sued upon, secured by a mortgage on the Gladmar Farm for $4,800; that, by mutual consent, the deed to the Gladmar Farm was taken in the name of H. K. Owens in trust for H. Victor Owens, and that the note was not to be the personal obligation of the defendants, but was signed as a part of the mortgage and to evidence the terms upon which the mortgage was to be payable, and it was mutually understood and agreed that the making of said note was without further and other consideration. It was further alleged that the Jenks Farm, owned by H. Victor Owens, was conveyed

subject to a mortgage of $4,800, which was an incumbrance thereon, and the mortgage executed by defendants upon the Gladmar Farm was to secure plaintiff for any payment he should make upon the mortgage upon the Jenks Farm, and that there was no other consideration therefor; that plaintiff has not paid or discharged the mortgage upon the Jenks Farm or become personally liable thereon. And it was further alleged by the defendants that the note was signed without consideration and that the consideration therefor had wholly failed.

The answer thereupon alleged a counterclaim to the effect that the exchange of the properties was brought about by misrepresentations on the part of the plaintiff in regard to water rights which were fraudulently represented to be appurtenant to the Gladmar Farm; that the defendants relied upon the fraudulent representations and were induced to exchange properties thereby; that there were no water rights appurtenant to the Gladmar Farm; and that the defendants had been damaged in the sum of $12,500. In reply to these allegations, the plaintiff admitted the contract for the exchange of properties as alleged in the answer, but denied all the other allegations. Upon these issues the case went to trial.

After the plaintiff had introduced the note in evidence and rested, the defendants offered to prove that the Jenks Farm, in this state, was owned by H. Victor Owens, the son of the defendants; that there was a $4,800 mortgage upon this farm; that the note and mortgage mentioned in the answer upon the Gladmar Farm were given merely in exchange for the mortgage upon the Jenks Farm; that the mortgage upon the Jenks Farm of $4,800 had not been paid by the plaintiff, and that there was no consideration for the note on that account. The trial court sustained the plain-

tiff's objection to this offer of proof, and the defendants now contend that this was error.

The contract for the exchange of the properties was in writing. It provided that the plaintiff, Frank B. Rhodes, should convey the Gladmar Farm, in Oregon, to the defendants for the Jenks Farm and the residence property in Seattle, and that, as a part of the consideration, the defendants should execute a mortgage on the Gladmar Farm to the plaintiff for $4,800. The exchange of the properties was made pursuant to this contract, and the note sued upon was given to the plaintiff and secured by a mortgage upon the Gladmar Farm. The written contract is explicit that this mortgage should be given. The note upon its face is a plain promissory note, and neither the note nor the contract express any conditions which might avoid either the note or the mortgage. The offer of proof made by the defendants clearly is an attempt, by oral evidence, to vary the terms of the note and the written contract by showing that the note sued upon was a note subject to be defeated by a condition subsequent. In the case of *Post v. Tamm,* 91 Wash. 504, 158 Pac. 91, we said:

"The rule is well settled that, in the absence of fraud or mistake, a contemporaneous oral agreement limiting or exempting the maker of a note from liability cannot be shown as a defense to an action upon the note. In. *Anderson v. Mitchell,* 51 Wash. 265, 98 Pac. 751, it was said:

" 'It has been repeatedly held by this court that, in the absence of fraud or mistake, it is incompetent for one who signs a promissory note as principal to set up an independent collateral agreement limiting or exempting him from liability . . .' (Citing authorities.)

"The rule which permits oral testimony for the purpose of showing that a note had never been delivered, and was not intended to take effect until the happening of a certain event, is not here applicable. That rule

relates to a condition precedent. In the absence of the condition being performed, there is no valid delivery of the note, and hence no obligation as between the parties.

"In this case the execution and delivery of the note is admitted and the obligation thereof recognized; and, for the purpose of defeating it, reliance is placed upon a contemporaneous oral agreement by which a condition not precedent, but subsequent, was offered to defeat liability. If a contemporaneous oral agreement providing for the surrender of the note upon the happening of a condition subsequent could be used to defeat recovery upon a note, the rule which provides that a note or other written contract cannot be varied or modified by such an agreement would be abrogated."

We think it is plain that the rule in that case is applicable here, and the trial court was right in excluding the offered evidence. One of the cases upon which the appellants rely is *Ware v. Allen,* 128 U. S. 590. That was a case where there was a condition expressed in the note which provided that, if the condition was not complied with, the note was void. In that kind of a case it is plain that oral evidence would be admissible to show that the note never became effective, and the court so held in that case. But in the case now before us, there was no condition, either in the note or in the contract, that the note should not become effective at once; and the appellants now seek to show that there was an oral agreement outside of the note at the time the note was executed, and that it was given in lieu of another obligation which the holder of the note was required to pay and which he has not paid. If the appellants may show this contemporaneous oral agreement, then they may, by oral evidence, vary the terms of the note and the written contract, which clearly cannot be done under the rule in *Post v. Tamm, supra.*

The appellants further argue that the court was in error in dismissing their counterclaim upon the cross-complaint. The testimony offered on behalf of the appellants upon this cross-complaint shows, we think, that they did not rely upon the representations of the respondent in regard to the water rights upon the Gladmar Farm. Even if the representations made by the respondent induced the trade of the farms, it is plain that the appellants did not rely upon those representations, because they made an independent investigation thereof. They went down to the farm, examined it, saw the condition of it, inquired of neighbors as to the water rights, consulted at least one lawyer, had his written opinion, and were advised as fully as was the respondent of the character of the water rights upon the land. In view of this independent investigation made by the appellants prior to the trade, we think it is plain that the trial court did not err in concluding that the appellants did not rely upon the representations of the respondent, alleged to have been made with reference to the water rights.

We find no error, and the judgment must therefore be affirmed.

ELLIS, C. J., HOLCOMB, and CHADWICK, JJ., concur.