[No. 18201.   Department One.   January 17, 1924.]

## H. J. MILLER, *Appellant*, v. V. D. WILLIAMSON, *Respondent*.[1]

FRAUD (22)—MISREPRESENTATIONS—ACTION FOR DAMAGES—EVIDENCE—SUFFICIENCY. One who purchased notes for value, without notice of any defects, being a holder in due course, under Rem. Comp. Stat., § 3448, cannot set up fraud by the payee in procuring the notes, or want of authority to assign them, and ask recovery of damages, since he did not know of or rely upon the fraudulent representations, and fraud without damages is not remedial.

PRINCIPAL AND AGENT (54) — POWERS — UNAUTHORIZED ACTS — RIGHTS OF THIRD PERSONS—RATIFICATION BY PRINCIPAL. The makers of notes cannot take advantage of the want of authority of an agent of the payee to endorse and transfer the notes, since the principals may ratify the unauthorized acts of the agent.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered February 17, 1923, upon sustaining a demurrer to the complaint, dismissing an action for fraud. Affirmed.

*Hanna, Miller & Hanna,* and *Harry Rosenhaupt,* for appellant.

*Voorhees & Canfield,* for respondent.

TOLMAN, J.—This is an appeal by the plaintiff from a judgment dismissing the action with prejudice after the sustaining of a demurrer to his complaint, and the only question presented is, does the complaint state a cause of action?

In substance, the complaint charges that the defendant, respondent here, for the purpose of cheating and defrauding prospective stockholders, caused a corporation to be organized with a capital stock of one million dollars, divided into one million shares of the par value of one dollar each, all of which was subscribed by him;

[1]Reported in 222 Pac. 201.

that the only asset of the corporation when organized was a certain contract of exclusive agency to sell certain flour milling machinery and accessories in a specified territory, which contract, it is alleged, was valueless. It is further charged that respondent, to induce persons to purchase the stock of the corporation, caused representations to be made that he was a man of large and independent financial means with which he would back the corporation, and that the corporation would supply all of the machinery necessary to equip a community flour mill to be erected at Endicott, Washington, and by these and other false representations, which are detailed in the complaint, it is alleged that respondent caused a large amount of the capital stock of the corporation to be sold to persons resident in and about Endicott, at $2 per share, for which he received a large amount of money and promissory notes, among the latter being twenty-five described and specified notes aggregating $5,000 in face value, and

"That plaintiff was acquainted with the makers thereof, and relying upon the representations of the defendant and his agents and employees aforesaid, that the Community Milling Company was the owner thereof and said corporation had duly and regularly authorized and empowered said A. H. Perkins as aforesaid to transfer and endorse said notes, bought the same at a discount of five per cent and paid to said defendant and his agents the purchase price thereof; that at the time said notes were purchased by the plaintiff, commencing on or about the 5th day of July, 1919, the plaintiff did not know same had been procured by reason of false and fraudulent representations of the defendant, his agents and employees aforesaid and did not know that said A. H. Perkins had not the right and authority to transfer and endorse the same, and did not discover or learn said fact until sometime in the month of August, 1919, after he had purchased and paid for all of said promissory notes."

Other appropriate allegations consistent with those already mentioned are contained in the complaint, but we think it unnecessary to set them out.

It is the main contention of appellant that the facts pleaded show that the organization of the corporation was a mere subterfuge, used for the purpose of raising money, without any intention of installing machinery in the Endicott mill, or otherwise giving anything of value in return for the money and notes received from stock purchasers; that such notes were procured by fraud; that the consideration therefor entirely failed, and that therefore appellant is entitled to recover what he paid for the notes in a direct action against respondent, without first exhausting his remedy against the makers of the notes.

Assuming that the facts pleaded would be sufficient in a direct action between the corporation or respondent and the makers of the notes, does it follow that appellant is entitled to relief upon those facts? Reduced to its final analysis, at most the complaint charges fraud worked upon the makers of the notes, who are not here complaining; that appellant, in entire ignorance of such fraud, purchased the notes for value and in good faith before maturity, and is therefore a holder in due course, having just what he purchased, i. e., a cause of action against the maker of each note. Where, then, and in what respect has a fraud been practiced upon him or his rights lessened or in anywise affected by the fraud practiced upon the makers of the notes? The pleading shows clearly that the false representations which induced the making of the notes were not made to the appellant; that he did not know of them; did not rely upon them, and therefore they did not influence him to purchase the notes, and he suffered no injury or damage therefrom.

"It is essential that the hearer should have acted in reliance upon the misrepresentations for which he seeks redress." 26 C. J. 1137.

"Obviously there can be no recovery where it was impossible for complainant to have relied on the representations, because they had not been made or communicated to him at the time of the transaction." 26 C. J. 1140.

"The pleading must aver that the party setting up the fraud as a ground for the recovery of damages relied upon the representations set out, that he was deceived thereby, and in such reliance took certain action to his prejudice." 27 C. J. 36.

See, also, *Palmer v. Shields,* 71 Wash. 463, 128 Pac. 1051; *Rhodes v. Owens,* 101 Wash. 324, 172 Pac. 241.

But while the point just discussed is elemental, it is not the only answer to appellant's contention. It is equally elemental that "Fraud without damage or injury is not remedial." 26 C. J. 1167. And in this respect appellant has pleaded himself out of court by showing that he purchased the notes before maturity, for value and in good faith, without knowledge or notice of any defect in the notes. He has, therefore, shown himself to be a holder in due course under § 3448, Rem. Comp. Stat. [P. C. § 4128], and entitled to enforce payment in the full amount of each note against the maker. We have so frequently upheld this statute that citation of authorities would be idle.

As to the allegation of the complaint of want of authority in the agent Perkins to endorse and transfer the notes, if that allegation be sufficient to raise the question, which may well be doubted, the rule seems to be that the makers of the notes cannot take advantage of any such want of authority, and that the principal may subsequently ratify the unauthorized endorsement by the agent. *Dimmick v. Sprinkel,* 59 Wash. 329, 109 Pac. 1018; *Drexler v. Smith,* 30 Fed. 754; *Haugan v. Sunwal,*

60 Minn. 367, 62 N. W. 398; *Dyer v. Sebrell,* 135 Cal. 597, 67 Pac. 1036; *Shawmut Commercial Paper Co. v. Auerbach,* 214 Mass. 363, 101 N. E. 1000. Ratification is not here negatived, which alone is fatal to the complaint.

We are satisfied that the demurrer was properly sustained, and the judgment is therefore affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.