FRANCIS E. BUCKLEY *vs.* LAWRENCE J. HACKING.

Suffolk.    January 20, 1927. — March 3, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* In writing.    *Evidence,* Extrinsic affecting writing.    *Bills and Notes.*

It is no defence to an action by the payee against the maker of a negotiable promissory note containing an unconditional promise to pay money that, at the time the note was given, the maker pledged a certificate of stock as security for its payment and the parties orally agreed that if, at its maturity, the note was not paid by the defendant, he should forfeit all right to the stock and should be under no liability upon the note.

CONTRACT, by the payee against the maker of a negotiable promissory note. Writ in the Municipal Court of the City of Boston dated September 4, 1925.

On removal to the Superior Court, the action was tried before *Lummus,* J. The defendant in his opening statement

to the jury, after the close of the plaintiff's evidence, set forth the defence stated in the opinion. The judge then inquired of him if that was a complete statement of his defence to the action, and, upon being informed that it was, ordered a verdict for the plaintiff, saying that in his opinion the defence, as outlined by counsel for the defendant, did not in law constitute a defence to this action. In accordance with the judge's order, the jury found for the plaintiff in the sum of $1,617.50. The defendant alleged exceptions.

*H. Goldkrand*, (*D. B. Burns* with him,) for the defendant.

*A. H. Lewis*, for the plaintiff, submitted a brief.

SANDERSON, J. This is an action by the payee of a promissory note given by the defendant for money lent. The defendant offered to prove that, at the time the note was given, he pledged a certificate of stock as security for its payment and the parties orally agreed that if, at its maturity, the note was not paid by the defendant he should forfeit all right to the stock and should be under no liability upon the note. The judge ruled that the evidence offered did not constitute a defence to the action. The only question presented is, whether that ruling was right.

The note was an unconditional promise to pay in money; proof of a contemporaneous oral agreement that it should not be so paid varies the terms of the note and, under well settled principles of law, would not be a defence to the action. *McCusker* v. *Geiger*, 195 Mass. 46, 53. *Zielmann* v. *Copelof*, 232 Mass. 393, 396. *Trahant* v. *Perry*, 253 Mass. 486. *Pelonsky* v. *Wattendorf*, 255 Mass. 558.

In *First National Bank* v. *Watkins*, 154 Mass. 385, the agreement to look only to the mortgaged property was made upon a valid consideration after the note was given.

These exceptions appear to be frivolous, and double costs are awarded against the defendant from August 10, 1926, the time when the exceptions were allowed, and also interest at the rate of twelve per cent a year from the same time. G. L. c. 211, § 10.

*So ordered.*