SECURITY NATIONAL COMPANY, a Corporation, Appellant, v. C. H. SANDERS, Respondent.

(235 N. W. 714.)

Opinion filed April 1, 1931.

J. J. Mulready, for appellant.
Lovell & Horner and V. R. Lovell, for respondent.

CHRISTIANSON, Ch. J. Plaintiff brought this action to recover upon a promissory note. The complaint alleges that the defendant, on December 16, 1927, executed and delivered a promissory note dated on that day whereby he promised to pay to the order of the Security National Bank of Fargo, one year after date, the sum of $6,000 with interest at the rate of 6 per cent per annum from date until paid; "that thereafter, for value received, and before the maturity of said note the said The Security National Bank of Fargo endorsed, transferred and delivered the said note to The Dakota National Bank of Fargo, and thereafter for value received and in the regular course of business the said, The Dakota National Bank of Fargo, duly endorsed, transferred and delivered the said note to the plaintiff herein who is now the owner and holder of said note; and that no part has been paid although payment has been demanded."

The answer of the defendant admitted the execution of the note as alleged in the complaint, but averred that he had no knowledge of the transfer and delivery of said note to The Dakota National Bank and by such bank to the plaintiff and therefore denied such allegations. The answer further denied that plaintiff is the holder of said promissory note in due course. The answer alleged as an affirmative defense "that said promissory note was given without consideration and upon the express agreement between the parties thereto that defendant would not be called upon to pay said note or any part thereof and that said note would be cancelled and returned by the said Security National

Bank of Fargo to defendant at his option, and that plaintiff herein at all times has had full knowledge of the facts herein alleged, and that no demand has ever been made upon this defendant for the payment of said note or any interest thereon."

The case was tried to a jury upon issues thus framed and resulted in a verdict for the defendant. Judgment was entered accordingly and plaintiff has appealed.

Appellant specifies two grounds for a reversal of the judgment: (1) Error in the admission of evidence; and (2) insufficiency of the evidence to justify the verdict. The assignments will be considered in the order stated.

(1) The error assigned upon the admission of evidence has reference to certain testimony of the defendant tending to show that the note in suit was executed and delivered pursuant to an oral agreement that the defendant would not be called upon to pay it but that the note would be cancelled and returned by the payee to the maker upon the request of the latter.

The facts necessary to an understanding of this assignment of error are substantially as follows: In December, 1926, the Security National Bank of Fargo was a going banking institution in that city. On or about December 24, 1926 certain negotiations were had between the defendant and one Aamoth, a vice president of said Security National Bank, concerning the sale to the defendant of some of the capital stock of said bank. Both Aamoth and the defendant testified upon the trial. They were agreed as to the general nature of the transaction; but there was a direct conflict in their testimony as to the terms of the agreement made in December, 1926. There is no dispute but at that time the defendant executed and delivered a promissory note in the sum of $6,000, payable to the order of the Security National Bank of Fargo, and that the only consideration for such note was the sale to the defendant of fifty shares of the capital stock of such bank. It is also undisputed that the note in suit was executed and delivered by the defendant in renewal of the note made in December, 1926. According to the testimony of Aamoth there was an unconditional purchase by the defendant of fifty shares of the capital stock of the Security National Bank at $120 per share and a stock certificate was duly executed and delivered to the defendant and has since been retained by him; and

the defendant executed and delivered his promissory note for $6,000 payable to the bank in payment of the stock; and on December 16, 1927, he executed and delivered the note in suit in renewal of the former note. The defendant, on the other hand, testified as follows as regards the terms of the agreement entered into in December, 1926:

"Mr. Aamoth asked me to take part of the bank stock, trustee stock, that was held by him at that time, and I assured him that I had no money at that time to buy any bank stock with or any assets whereby I could obtain money, and he offered to take my note for the amount, and this I declined, and he said he would take my note, and I would not be called upon to pay it at any time. I knew nothing about the condition of the bank, or the value of the stock. . . . He said that any time that I wished the note returned, it would be returned to me, and I made several demands for it."

This is the whole of the defendant's testimony as regards the agreement which he claims was made at the time the first note was executed. This testimony was admitted over objection on the part of the plaintiff that it was incompetent and tended to contradict and vary the terms of a written instrument, namely, the promissory note. The appellant predicates error upon the reception of this evidence and contends that it was inadmissible for the reasons stated in the objection and that the trial court erred in overruling the objection and admitting it.

The undisputed evidence shows that a certificate for fifty shares of the capital stock of the Security National Bank was issued in the name of the defendant and that he acknowledged the delivery of such stock by a receipt duly signed by him in the books of the bank. There is, however, a direct conflict in the testimony of the defendant and Aamoth as regards the disposition of the stock certificate after it had been issued. Aamoth testified that the certificate was delivered to the defendant and that he has retained possession thereof at all times since it was issued. The defendant, on the other hand, testified:

"Q. At the time you executed this note in evidence, plaintiff's exhibit 1, Mr. Sanders, you received a certificate of stock in the Security National Bank for fifty shares? A. I did.

"Q. That was delivered to you? A. It was not delivered to me.

"Q. About that time? A. No sir.

"Q. Have you ever received it? A. No sir; it never has been in my possession.

"Q. You never received a stock certificate for fifty shares of stock in the Security National Bank? A. No sir, it has never been in my possession. It has been in Mr. Aamoth's."

There is no question but that the plaintiff is the present owner and holder of the note; but the instrument was acquired in such circumstances as to render the plaintiff a holder other than one in due course.

A promissory note is subject to the general principle that parol evidence cannot be received to contradict, vary, add to or subtract from the terms of a valid written instrument as between the parties thereto. Such evidence, however, is admissible to show that a written contract has no valid existence. First State Bank v. Kelly, 30 N. D. 84, 92, 152 N. W. 125, Ann. Cas. 1917D, 1044; note in L.R.A. 1917C, 312. Accordingly it may be shown as between the parties that a note was delivered upon condition. This is expressly recognized by the Negotiable Instruments Law which provides:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." Comp. Laws 1913, § 6901; Neg. Inst. Law, § 16.

A promissory note, like any other written contract is, as between the immediate parties thereto and as between the maker and a holder other than one in due course, subject to the rule that the consideration may be inquired into and the real consideration shown. 3 Jones, Commentaries on Ev. §§ 468, 494.

Accordingly parol evidence is admissible as between the original parties to a promissory note, or between a maker and the holder other than one in due course, to show that a promissory note regular in form was manually delivered upon the condition that it was to become effective only upon the happening of a certain event. Evidence that

the instrument was so delivered does not contradict the writing within the meaning of the parol-evidence rule for that rule presupposes the existence of a valid contract. The evidence is not admitted for the purpose of varying, contradicting, subtracting from or adding to the terms of the written contract, but for the purpose of showing that there is no valid contract between the parties. But the condition must be one which goes to the existence of the contract, that is, the condition must be such as to manifest an intention by the parties that the instrument was not delivered as the final embodiment of the agreement between them. As has been said by some courts, the condition attached must be a condition precedent to the instrument becoming a valid obligation and not merely a condition subsequent relating to the payment. In short, the condition that may be shown is one which goes to the question of the existence of the contract and not one which goes to the obligation, or the performance of the contract. Note in L.R.A.1917C, p. 313; 4 Jones, Ev. 2d ed. p. 3018.

As between the original parties, or those with notice, the maker may defend on the ground of want, failure or illegality of consideration (Comp. Laws 1913, § 6913; Neg. Inst. Law, § 28); or he may show that the note was procured by mistake, fraud or duress, or solely for the accommodation of the payee (Comp. Laws 1913, §§ 6913, 6914; Neg. Inst. Law, § 29); or that it was delivered for a special purpose (Comp. Laws 1913, § 6901; Neg. Inst. Law, § 29); and these facts may be established by parol. First State Bank v. Kelly, 30 N. D. 84, 92, 152 N. W. 125, Ann. Cas. 1917D, 1044, supra; 5 U. L. A. pp. 84, 145, 162, 171, 172; 4 Jones, Commentaries on Ev. 2d ed. pp. 307, 315.

This, however, does not mean that any of the essential elements of the contract evidenced by the promissory note may be changed, varied or altered by proof of an oral agreement, made either prior to or contemporaneous with the execution of the note. If the proposed parol testimony tends to change the essential elements of the contract itself instead of showing a conditional delivery, a delivery for a special purpose; or want, failure or illegality of consideration, or mistake, fraud or duress in the inception of the note, then the evidence must be rejected; for a party cannot, under the guise of showing a conditional delivery, a delivery for a special purpose, or want, failure or illegality

of consideration, or mistake, fraud or duress in the execution of the note "ingraft new terms and covenants" upon the writing by parol evidence. 4 Jones, Commentaries on Ev. 2d ed. p. 2855. "When a jural act is embodied in a single memorial, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act." 5 Wigmore, Ev. 2d ed. § 2425. In short, parol evidence is admissible only to establish some fact which goes to an avoidance of the written agreement and to show it to be without legal force as against the party who is sought to be held bound thereby.

Is the oral agreement in question here one which may be established by parol evidence? We think not. The contention on the part of the defendant seems to be that the note in suit was delivered upon condition, and that the parol evidence was admissible for the purpose of showing the condition. But, as pointed out, a condition which may be shown by parol is one which relates to the existence or the binding legal effect of the instrument as a contract, and an oral agreement which purports to modify or change the terms of the obligation as regards performance thereof is not a condition attached to the delivery which may be established by parol. The oral agreement attempted to be shown here is not a condition attached to the delivery. It is an agreement going solely to the payment or performance of the obligation. There is no claim that the note was delivered with an agreement that it was to be held and become effective only upon the happening of a subsequent event, such as the maker's assent that it should be delivered. The note was to be payable and paid according to its terms, unless the maker elected to discharge the obligation by demanding a return of the note. There was both a manual delivery and an intent that it should be delivered. But the claim is that notwithstanding the execution and delivery of the note the defendant should not be bound thereby unless he elected to be bound. There was nothing further for the defendant to do to make the contract effective. The original transaction had been closed. The note had been executed and delivered and plaintiff had become the owner of fifty shares of the capital stock of the Security National Bank of Fargo,—which was the consideration agreed upon. Whether the defendant retained possession of the stock certificate, or

permitted Aamoth to retain it, is not of controlling importance so far as the parol agreement is concerned.

There is no basis in the pleadings or in the evidence for holding the parol agreement to be one which might be shown as tending to establish that the note had been delivered for a special purpose or as showing want or failure of consideration. Neither is there anything in the pleadings or in the evidence from which it may be inferred that the parol agreement was a part of the contract of sale whereby the Security National Bank agreed to re-purchase the stock within a certain time and at a certain price at the option of the defendant. Vohland v. Gelhaar, 136 Wis. 75, 116 N. W. 869, 16 Ann. Cas. 781; Germania Bank v. Osborne, 81 Minn. 272, 83 N. W. 1084; Drovers Cattle, Loan & Invest. Co. v. McGraw, 150 Minn. 50, 184 N. W. 365; 1 Williston, Sales, 2d ed. pp. 131, 132.

In short, there is no ground for holding that the stock was sold and delivered under a contract whereby the seller agreed to re-purchase it at the buyer's option. There is no allegation, and no evidence, of fraud, accident or mistake. Neither is there any evidence of non-delivery or of a delivery upon condition. There is rather evidence of a complete manual delivery with the intent that the note should take effect presently as the obligation of the defendant; but, coupled, it is said, with a contemporaneous verbal agreement to the effect that the note, at the option of the maker, might be discharged in a manner wholly different from that specified in the instrument itself (L.R.A.1917C, p. 308),— that is, that upon the demand of the maker the note should not be enforced but should be surrendered to him without payment. In short, the parol agreement sought to be established in this case is not one which goes to the legal existence or binding effect of the instrument; but one at variance with, and contradictory to, the essential terms of the written agreement. The rule established by the repeated decisions of this court and by the overwhelming weight of authority in other jurisdictions is to the effect that such agreement may not be established. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Baird v. Keitzman, ante, 317, 233 N. W. 905; Security Nat. Bank v. West, 120 Kan. 434, 243 Pac. 1014; Post v. Tamm, 91 Wash. 504, 158 Pac. 91; Buckley v. Hacking, 258 Mass. 525, 155 N. E. 635; 1 Randolph, Com. Paper, 2d ed. § 199; Central Bank v. Per-

kins, 43 Idaho, 310, 251 Pac. 627; note in L.R.A.1917C, pp. 306 et seq.; note in 20 A.L.R. pp. 454, 461, 471, 497.

"The delivery of a note with an oral agreement that it is not to be enforced according to its terms is not a conditional delivery in such sense as to constitute a defense to its enforcement. It is an ineffective attempt to contradict the terms of a written contract by parol." Security Nat. Bank v. West, 120 Kan. 434, 243 Pac. 1014, supra.

"If a contemporaneous oral agreement providing for the surrender of the note upon the happening of a condition subsequent could be used to defeat recovery upon a note, the rule which provides that a note or other written contract cannot be varied or modified by such an agreement would be abrogated." Post v. Tamm, 91 Wash. 504, 158 Pac. 91, supra.

(2) Upon the record presented on this appeal the sufficiency of the evidence is not before us. It is the settled law in this jurisdiction that the sufficiency of the evidence to justify the verdict cannot be raised for the first time in this court. In this case the sufficiency of the evidence was not challenged in the trial court. Hence, it cannot be considered here.

It follows from what has been said that the admission of evidence relating to the verbal agreement necessitates a reversal. The judgment appealed from is reversed and the cause is remanded for further proceedings conformable to law.

BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.