28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard H. AMES, husband; Plaintiff-Appellant,
Helen Ames, wife, dba Ames Farms, Debtor-Appellant,
v.
MID VALLEY BANK, a Washington banking corporation, Paul
Farris, as Chief Executive Officer of Mid Valley
Bank, Defendants-Appellees
 No. 92-36813.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Submission Withdrawn March 3, 1994.
Resubmitted May 12, 1994.
Decided June 20, 1994.
 
 1
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 * We agree with the district court that the Ames cannot prevail on their theory of breach of fiduciary duty for failure to book the SBA guaranteed loan in November 1981 because of a failure of proof on the issue of proximate cause. While MVB's conduct as a fiduciary was inexcusable, the law requires the Ames to prove that but for MVB's self-serving delay in processing the loan papers, the loan would have been made and the proceeds would have saved their business from bankruptcy.
 
 
 4
 The evidence is to the contrary. GS & L continued to express doubts about the loan because of the failure to resolve the problem of the Rainier mortgage. See Exhibit 133, E.R. at 16. Similarly, the SBA had various problems with the loan unrelated to MVB's delay in booking the loan. In its December 11 letter of intent to cancel the loan, the SBA expressed concerns about delays in the construction of the Ames' swine breeding facility, the Rainier mortgage, and the unlikelihood that the Ames could ever repay the loan. Furthermore, the SBA official who supervised the Ames' loan application testified that MVB's conduct had no effect on the SBA's ultimate decision to cancel the loan. The Ames cite no contrary evidence on the proximate cause issue. On this evidentiary record, we have no choice but to affirm the district court's ruling that "the Ames' argument [of causation] is merely speculative." Memorandum Opinion and Order at 6.
 
 II
 
 5
 The Ames' misrepresentation claim also fails for lack of proof that they and their attorneys reasonably relied on MVB's vague "fingerpointing" at GS & L in deciding to sue GS & L. As the district court observed, conclusory accusations by a potentially liable party that someone else is to blame hardly qualifies as a misrepresentation that counsel can reasonably rely upon. See Rhodes v. Owens, 101 Wash. 324, 329 (1918).
 
 
 6
 If MVB had not shifted the blame to GS & L for the cancellation of the loan, the Ames might well have sued MVB in addition to GS & L. But given the independent evidence inculpating GS & L for the loan cancellation,[1] there is no reason to believe the Ames would not have sued GS & L along with MVB if the fingerpointing had not occurred.[2]
 
 III
 
 7
 To prevail on the tort of outrage for mistreating the Ames' hogs during repossession, the Ames must prove that MVB's behavior was "atrocious, and utterly intolerable in a civilized community." Lawson v. Boeing Co., 58 Wash.App. 261 (1990) (quotation marks omitted). The Ames cite no authority even suggesting that Lawson 's demanding standard was satisfied by MVB's handling of the hogs during repossession.
 
 
 8
 Moreover, the Ames failed to adduce any evidence that their emotional and mental suffering was manifested objectively. See Hunsley v. Giard, 87 Wash.2d 424, 435-36 (1976). The bankruptcy court's finding that the Ames suffered objective symptomatology is clearly erroneous given the absence of any medical testimony to this effect. See Shoemaker v. St. Joseph Hospital & Health Care Center, 56 Wash.App. 575, 581-82 (1990).[3]
 
 
 9
 The judgment of the district court reversing the damage award of the bankruptcy court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 MVB notes, for example, that the GS & L president informed the Ames that the GS & L loan officer working on the loan "was an incompetent banker who had been fired as a result of his bungling the loan." See R.P. at 3680
 
 
 [2]
 Furthermore, even if the Ames sued GS & L because of MVB's misrepresentations, once the incriminating memo (Exhibit # 117) was discovered by the Ames, they could have dismissed their action against GS & L. MVB could then only be liable for the costs of litigation between the time suit was filed, 5/30/83, and the discovery of the memo, 10/21/83
 
 
 [3]
 We also affirm the district court's ruling that the Ames are not entitled to attorneys' fees and costs. See Memorandum Opinion and Order at 9-10. Moreover, MVB is not entitled to fees for litigation before this court. See Hemenway v. Miller, 116 Wash.2d 725, 742 (1991). As for the amount the Ames owe MVB on various notes, we affirm the district court's calculation of $98,489.47 which the MVB is entitled to recover as an unsecured debt. See Memorandum Opinion and Order at 10-11